GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
JACOB RENZ.

Decided October 24, 1900.

**1. Charge of Court—Matter of Omission Merely—Request.**

Where a charge is of itself not incorrect, a complaint against it in reference to a matter which is merely one of omission is not tenable, where no request was made for a charge covering the omission.

**2. Same—Inexperience of Servant—Assumed Risk—Obvious Danger.**

In an action by an engine wiper for injuries received while moving a wheel under orders of his foreman, a charge that if plaintiff was experienced in such work, or knew its dangers, he assumed the risk, or if he failed to use ordinary care and such failure contributed to his injury, the jury should find for defendant, could not be held improper unless the evidence clearly charged plaintiff with knowledge of the danger as an obvious one.

**3. Same—Servant's Want of Knowledge of Danger.**

Where there was evidence tending to show that the mechanism and movement of the wheel that injured plaintiff were unusual, and that he had no experience with it, and was suddenly set to work to aid in moving it, it could not be said that he was chargeable with notice of its tendency to suddenly revolve, and a requested charge tending to exclude the issue of plaintiff's inexperience and the consequent want of knowledge of the danger was properly refused.

**4. Same.**

Where the evidence presents issues as to the servant's inexperience and the master's knowledge thereof, a requested charge instructing the jury, without qualification, that the servant assumed the ordinary risks incident to the work, is properly refused as misleading and calculated to expel such issues from the case.

Appeal from Bexar. Tried below before Hon. S. J. Brooks.

*Upson, Newton & Ward,* for appellant.

*Nat B. Jones* and *Carter & Lewis,* for appellee.

JAMES, Chief Justice.—The nature of the case is an action for damages for personal injuries sustained by appellee, plaintiff alleging that he was in the employ of appellant in its roundhouse at San Antonio in the capacity of wiper; that his foreman directed him to assist in moving the driving wheels of a locomotive from the lathe in appellant's machine shop; that said wheels were heavy, ponderous, and complicated; that in the construction of said wheels there was used what is called a "counterbalance," the same being solid metal worked into them; that when the counterbalance was put to its zenith, and then descended, it propelled said wheels with a sudden and violent velocity; that there was attached to said wheels a rod projecting therefrom called a "crankpin;" that he and one Anderson were ordered by the foreman to move said wheels, and while so doing, the counterbalance put them in motion in an unexpected, rapid, and violent manner, by reason of which plaintiff was caught by the crankpin, which hurled him down against the lathe with great force and injured him. Plaintiff alleged also that his employment was that of wiper; that he knew nothing about such work as he was ordered to do in this instance; that Anderson was also totally without experience in such work, which fact was known to the foreman; that the foreman negligently commanded plaintiff to leave his usual work and to aid in doing said work with which he was wholly unfamiliar; that such work was accompanied with unusual danger, which plaintiff, on account of his inexperience, did not know, and of which he was not warned. The verdict was for plaintiff for $10,000.

We conclude, there being testimony supporting such facts, that plaintiff was employed as wiper, and the general run of his duties was to wipe engines, and to go out when an engine came in and turn the table. He was also expected, as others about the place were, to assist in other duties about the place when called on. He testified that he had been engaged there nearly four years, and during that time had never helped to move an engine wheel, nor had seen one moved by any other person, and in deference to the verdict we so conclude as a fact. We conclude generally that he was inexperienced in this work, and ignorant of the mechanism and working of said wheels, and of the existence of the particular danger to which he was exposed when hurt; that the foreman knew of his inexperience with regard to these wheels, or in the exercise of reasonable care would have known of it, and failed to acquaint him with the danger, and that appellee was not negligent under the circumstances.

*Conclusions of Law.*—The first, second, third, fourth, and fifth assignments of error, which treat of objections to the evidence, are not sustained.

The sixth assignment in substance is, first, that the third subdivision of the charge eliminated entirely from the consideration of the jury the question as to the plaintiff being charged with knowledge of the dangers incident to the moving of said wheels, if the same were patent and obvious, or as open to his observation as to that of the master. We notice that said subdivision of the charge requires that it be found that plaintiff did not by his own negligence contribute to his injury, in order for him to recover. The matter here raised was at best one of omission, there being nothing of itself incorrect in this charge. Appellant's brief on this assignment does not state that any additional charge was, in this connection, requested. One was however requested by appellant, and given, which dealt with the subject of obvious dangers. The second proposition under this assignment concerns a matter disposed of by our conclusions of fact.

The seventh assignment complains of the following charge, as disregarding the rule that the servant is chargeable with knowledge of all the hazards and dangers which are patent and obvious, and that it was the duty of plaintiff to avoid such hazards and dangers. The charge reads: "4. If you believe from the evidence that at the time the said Renz was engaged or directed to assist in moving or rolling the said engine wheels, if he was so engaged or directed, he was experienced in the said work, or that he had knowledge of or understood the dangers, if any, incident to or arising out of the moving or rolling of said engine wheels, then he assumed the risk, and your verdict should be for the defendant; or if you believe from the evidence that the plaintiff failed to use such ordinary care and caution as a person of ordinary prudence would have used under like circumstances, and that such failure, if any, contributed to his injury, then you should find for the defendant." This assignment, like the preceding, may be disposed of by saying that it is not claimed that anything further was asked to be added to this charge and refused; and charge number 6, asked by defendant and given, does elaborate the subject in line with the complaint now made to this charge. It seems to us that the charge as above quoted is sound in all that it undertakes to treat of, and could only be held improper if the testimony clearly charged plaintiff with knowledge of the danger as an obvious one. This we conclude would not be the proper rule to apply to the facts of this case.

The first paragraph of the refused charge mentioned in the eighth assignment was practically, if not literally, given in the sixth charge asked by defendant and above referred to. Its second paragraph, if it had been given, would have tended to exclude the issue of plaintiff's inexperience and consequent want of knowledge of the danger. There are situations and circumstances in which it may be said conclusively that the servant knew and realized the danger. Jones v. Railway, 11

Texas Civ. App., 39. In the present case there was proof that the mechanism and movement of the wheel were unusual, and that plaintiff had no experience or familiarity with it, and was suddenly set to work to aid in moving it. If he did not know the construction and working of the wheel, it can not be said that he was charged with notice of its tendency to suddenly revolve, and in this state of case the rule is applicable that was announced in Railway v. Hughes, 22 Texas Civil Appeals, 134. See also Jones v. Mining Co., 28 N. W. Rep., 207; Galveston Oil Co. v. Thompson, 76 Texas, 235.

The refused charge referred to in the ninth assignment is as follows: "If from the evidence you believe that it was not the duty of the plaintiff to move locomotive wheels when called upon so to do by the roundhouse foreman or machinist, then you are instructed that in assuming to perform said service at the direction of said person, even though outside of his employment, he assumed the ordinary risks incident to the performance thereof, and the rules applicable to the work done in his ordinary employment must be applied to the work done by him under such orders, and it would not be negligence on the part of the defendant to direct him to do such work." A charge that plaintiff assumed the risks ordinarily incident to the services in which he engages, has been said not to be applicable to work at which he is put by his employer outside of his regular employment. Bailey, Mast. Liab., 221. But it is not necessary for us in this case to hold this, for the reason that he can not be said to assume such risks in any case where his want of experience in the particular work and the master's knowledge thereof are in issue and established by testimony, and such inexperience is such as affects the servant's capacity to appreciate the presence of the danger. In this case these matters were issues, and there is testimony sustaining them; therefore a charge instructing the jury absolutely and without qualification that plaintiffs assumed the ordinary risks incident to the work would have been misleading and calculated to expel such issues from the case.

We do not sustain the tenth assignment, which proceeds on the theory that the verdict is contrary to the evidence; nor the eleventh, which is that the verdict is excessive. Appellant's brief does not consider the element of physical suffering involved in plaintiff's injuries.

The judgment is affirmed.

*Affirmed.*