GEORGE HEFFINGTON ET AL. v. JACKSON & NORTON.

Decided June 30, 1906.

**Contract by Minor—Voidable—Necessaries.**

In a suit against a minor and his mother upon a promissory note ex-
ecuted by the minor alone for the balance due for a buggy and harness sold
by the plaintiffs to said minor, it appeared from the evidence that the plain-
tiffs knew that the purchaser was a minor; that he was living with his mother
on her farm; that he then had a buggy; that he was not engaged in any busi-
ness demanding the use of a buggy; that they would have to look to him for
the payment of the note, and that his mother would not pay it.   Held, there
being no evidence of fraud on the part of said minor, nor that said buggy was
a necessary, the minor had the right to avoid said contract, and upon tendering
back the buggy and harness received from plaintiffs to have judgment against
them for the money and property paid by him to them.

Appeal from the County Court of Dallas County.   Tried below be-
fore Hon. Hiram T. Liveley.

*Ed. T. Harrison* and *Graham B. Smedley,* for appellants.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the
Justice Court of Dallas County by plaintiffs Jackson & Norton against
George Heffington, a minor, and Mrs. S. A. Heffington, his mother,
upon a note executed by the said George Heffington for $61.25, in
part payment for a buggy and harness sold by plaintiffs to the said
George Heffington for the sum of $103.75.   From a judgment in favor
of plaintiffs for $76.55 defendants appealed to the County Court.   Plain-
tiffs sought to recover against George Heffington upon the ground
that the buggy and harness sold him were necessaries, and against Mrs.

S. A. Heffington upon the same ground, and that she failed to supply him with the same, and upon the further ground that she constituted the said George Heffington her agent to purchase said buggy and harness, and after the purchase thereof ratified his act. Mrs. S. A. Heffington answered with a plea of general demurrer and general denial. George Heffington plead infancy in avoidance of the payment of said note, tendered to plaintiffs the buggy and harness for which said note was executed in part payment, and prayed judgment against plaintiffs for the following sums: $25 money paid plaintiffs on said buggy and harness; $25, the value of a second hand buggy traded plaintiffs in part payment for the buggy and harness purchased from them; and for the cancellation of said note of $61.25. From a judgment of the County Court in favor of plaintiffs for $61.25 against both defendants and against George Heffington on his counterclaim, defendants appealed.

J. A. Jackson, one of the plaintiffs, testified in behalf of plaintiffs as follows: "My name is J. A. Jackson. I live at Renner, and am one of the plaintiffs in this case. I know George Heffington and his mother, Mrs. S. A. Heffington. I sold George Heffington on or about January 20, 1904, the buggy and harness for the sum of $103.75, being $90 for the buggy and $13.75 for the harness. He gave me this note for $61.25 and a second hand buggy and twenty-five dollars in money. I sold him the buggy at Renner, Texas, some time in January, 1904, and about a month after he paid me $25 in money, delivered the old buggy to me and executed this note. This was at Renner, at my place of business. The first conversation I remember having had with George about selling him the buggy was one day at a blacksmith shop at Renner. He had his old buggy there to have it repaired, and I proposed to sell him a new buggy and take his old one as part payment. I asked how much cash he could pay. He said he thought he could get thirty dollars from his mother and would pay that much, and I told him if he could pay that much and put in his old buggy, I would sell him the new one. We agreed on this and set a day to go to Dallas to select the buggy. I have known George Heffington all his life, and at the time I sold him the buggy I knew he was not of age. He made no representations to me about his age, because I knew he was a minor. I knew he was buying the buggy for himself and for his own use. I did not understand that he was acting for his mother, and knew that he was not buying the buggy for her, but for himself. I sold the buggy to him and not to his mother, and was expecting him to pay for it. I did understand that he was to get thirty dollars from his mother to pay on the buggy, but I was looking to him to pay for the buggy and not to his mother. He told me at the time he bought the buggy that his mother would not pay for it, but that she knew he wanted it and he thought he could get $25 from her to pay on it. I knew George was living at home with his mother at the time he bought the buggy."

Defendant George Heffington is a minor and was a minor when he executed the note sued on. Such being the case he could avoid the note. A recognized authority, speaking of the right of an infant to avoid his contracts, states the rule thus: "The right of an infant to avoid his contracts is one conferred by law for his protection against his own

improvidence and the designs of others; and though its exercise is not infrequently the occasion of injury to those who have in good faith dealt with him, this is a consequence which they might have avoided by declining to enter into the contract. It is the policy of the law to discourage adults from contracting with infants, and the former cannot complain, if, as a consequence of their violation of this rule of conduct, they are injured by the exercise of the right with which the law has purposely invested the latter, nor charge that the infant, in exercising the right, is guilty of fraud." (16 Am. & Eng. Enc. Law, p. 287.) The principle announced is recognized in this State in Bullock v. Sprowles, 93 Texas, 188. However, there are exceptions to the rule, as where the contract is for necessaries for the infant, Parsons v. Keys, 43 Texas, 559, or, where the infant has been guilty of some fraud in creating the debt. In this case there is no contention that the minor was guilty of fraud. The plaintiffs had known him from infancy, knew that he was a minor when they solicited him to purchase the buggy for which the note was executed, knew that he was living with his mother on her farm; knew that he then had a buggy, knew that he was not engaged in any business demanding the use of a buggy, and knew that his mother would not pay for it.

The question arises, was the buggy a necessary to a person situated as was George Heffington? He was not engaged in any business requiring the use of a buggy, nor was he attending school, which made it necessary for him to ride to and from school. It was held in the case of House v. Alexander, 105 Ind., 109, that a horse purchased by an infant who is engaged in farming is not a necessary. Horses, saddles, bridles, pistols, liquors, fiddles and chronometers have been generally excluded as necessaries. (McKanna v. Merry, 61 Ill., 177.)

The case of Howard v. Simpkins, 70 Ga., 322, is cited by the appellant as holding that a buggy is not a necessary. The case is not accessible to us, and hence, we do not feel authorized to cite it. The facts do not show wherein a buggy was necessary for the defendant George Heffington. He had a buggy when he was solicited by Jackson to purchase the one for which the note was executed. The appellees sold the buggy to George Heffington and not to his mother, knowing that Mrs. Heffington did not intend to pay for it. They knew that George lived with his mother on her farm. They knew he was a minor and relied on him to pay the note given for the balance due on the vehicle. The case was tried by the court below without a jury and in rendering judgment for plaintiffs there was error. The judgment will be reversed and under the statute it becomes our duty to render such judgment as the trial court should have rendered. Judgment will be here rendered for appellants, cancelling the note sued on, and in favor of George Heffington for $42.50, the amount paid by him to appellees on the buggy, with interest at six percent from July 15, 1905, the date of tendering back the buggy by George Heffington in the Justice's Court, and that upon his returning to the appellees, or tendering to them said buggy, and harness, execution may issue for said amount. (Price v. Furman, 27 Vt., 268, 65 Am. Dec., 194.)

*Reversed and rendered.*