## MAST v. STRAHAN. (No. 609.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 8, 1920.)

**1. Infants** ⊂⊃58(1)—**Emancipation by parents does not affect right to disaffirm.**

The emancipation of a minor by his parents does not remove his disabilities or affect his right to disaffirm his contract; hence, in an *action for disaffirmance of an infant's contract*, the question of whether he has been emancipated is immaterial.

**2. Infants** ⊂⊃58(2)—**On disaffirmance and return of personalty, infant is not usually liable for depreciation.**

When an infant disaffirms a contract and returns to his seller personal property bought by him, he is not liable for depreciation in the value of the property while in his possession, unless it be on the ground of tort.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by H. B. Strahan, guardian, against A. T. Mast. From a judgment for plaintiff, defendant appeals. Affirmed.

Hodges & Greve, of Nacogdoches, for appellant.

A. A. Seale, of Nacogdoches, for appellee.

WALKER, J. [1, 2] The emancipation of a minor by his parents does not remove his

disabilities, nor affect his right to disaffirm his contract. Simkins, Contracts and Sales (3d Ed.) 156. Nor when he proposes to disaffirm a contract, and to return to his vendee personal property bought by him, is a minor liable for the depreciation in value of the property while in his possession, unless it be on the ground of tort. Simkins, Contracts and Sales (3d Ed.) 156-159, c. 24; Heffington et al. v. Jackson and Norton, 43 Tex. Civ. App. 560, 96 S. W. 108. No issue of tort is suggested in this suit.

Willie Strahan, a minor 18 years of age, bought a horse from appellant, for which he contracted to pay $135. He paid $40 in cash when the horse was delivered to him, and executed his note for the balance. After keeping the horse for a week or 10 days, he took it back to appellant, and offered to return it, and did his best to disaffirm the trade, but appellant refused to take the horse back. Afterwards H. B. Strahan, Willie's father and guardian, tried to deliver the horse back to appellant, but again he refused to receive it, and refused to cancel the note. Finally, after about 10 weeks he did take the horse back, and although he refused to pay back the money he had received, he offered to cancel the note. H. B. Strahan refused to take the note, unless the money was also delivered. Afterwards the note was delivered to H. B. Strahan. He turned it over to his attorney, who tried to give it back to appellant; but appellant refused to receive it. This suit was brought by H. B. Strahan, as guardian of the estate of his minor son, Willie, to recover the $40 cash consideration paid on the horse, and to cancel the note. On the trial of the suit, a verdict was instructed in his favor.

In addition to the facts just stated, the testimony also raised the issues that Willie had been emancipated by his father, and that the horse had depreciated in value while it was in his possession—appellant said to the extent of $85. He asked that these issues be submitted to the jury, and the court's refusal so to do forms the basis of his assignments of error. Under the principles of law above stated by us, no error is shown, on the facts of this record, in refusing to submit to the jury the issue of Willie's emancipation by his father, and depreciation in the value of the horse while in his possession.

The judgment of the trial court is in all things affirmed.