## STANDARD MOTOR CO. v. STILLIANS et al. (No. 1601.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 24, 1927.

Rehearing Denied Jan. 11, 1928.

1. Infants ⬯58(2)—Infant sued for price of automobile need not, when filing answer and cross-action, tender possession of car already in plaintiff's possession.

In action against defendant minor on notes given for purchase price of automobile, defendant *held* not required to tender possession of car to plaintiff at time of filing answer and cross-action, where car was in possession of plaintiff who had sued out writ of sequestration.

2. Appeal and error ⬯1058(3)—Exclusion of infant's representation of age when he bought automobile held not reversible error, where witness testified to contents.

In action against minor for purchase price of automobile in which defendant filed cross-action, exclusion of defendant's statement executed when he bought car, in which he stated he was 21 years of age, *held* not reversible error, notwithstanding that evidence was admissible where witness for plaintiff testified as to its contents.

3. Infants ⬯58(2)—Minor disaffirming contract to purchase automobile held not liable for depreciation in value of car.

Where minor disaffirmed contract for purchase of automobile, seller must take returned property in condition in which he finds it; minor not being liable for use or depreciation in value of property while held by him, in absence of some tortious act in relation to property.

4. Infants ⬯105—In action against minor by next friend for price of automobile, judgment for money paid held properly rendered for minor personally.

In action against minor defended by father as next friend for purchase price of automobile, rendering of judgment in favor of minor for money paid on car *held* not error, though it was earned while he was living with parents, under age, not emancipated, and without removal of disabilities, since judgment in suit defended by minor by next friend should be entered in favor of minor, and next friend cannot receive money unless he becomes guardian of minor's estate.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by the Standard Motor Company against William Stillians, a minor, in which John Stillians was permitted to defend the suit as defendant's next friend. Judgment for defendant, and plaintiff appeals. Affirmed.

W. T. McNeill, of Beaumont, for appellant.
David E. O'Fiel, of Beaumont, for appellee.

O'QUINN, J. Appellant sued appellee, William Stillians, in the county court at law of Jefferson county, to recover on eight notes each for the sum of $41, and one note for $42.50, and to foreclose a chattel mortgage on a Ford automobile given by William Stillians to secure the payment of said notes.

Stillians answered and averred that he was a minor and prayed that his father, John Stillians, be permitted to defend the suit for him as his next friend. Leave of the court being had, appellee, by his father as next friend, answered by general demurrer, special exceptions, general denial, and special plea in cross-action, alleging that on April 28, 1926, the date William Stillians executed the notes and mortgage, William Stillians was a minor and without a legal guardian, residing with his father, John Stillians, and that he had not been emancipated; that at the time he purchased the car from appellant he traded in a Ford car in part payment for the new car, for which appellant allowed him $100, and alleged that said traded-in car was of the reasonable value of $250; that he had paid three of the notes executed by him to appellant (originally twelve in number), aggregating the sum of $123; that the new car bought by him from appellant was not a necessary for William Stillians, and prayed that he have judgment that the contract of purchase between him and appellant be held for naught, the notes sued on be canceled, and that he recover of appellant the sum of $123, the amount that he had paid to it, and also judgment for the return to him of the car that he had traded in to appellant, or its reasonable value in cash.

Appellant replied to appellee's answer by general demurrer, general denial, and pleaded estoppel against appellee's cross-action by reason of appellee having represented to appellant at the time of the purchase that he was of lawful age, and, in the alternative, that if appellee was entitled to have the contract rescinded appellant have as an offset against any sum that appellee should recover, the value of the use and depreciation of the car sold to appellee.

The cause was tried before the court without a jury. Appellant's general demurrer to appellee's cross-action was overruled, and judgment rendered against appellant on its suit against William Stillians and in favor of William Stillians, the minor, against appellant, for $123, the amount he had paid appellant on the new car, and $150, the amount found by the court to be the value of the traded-in car. From this judgment appellant brings this appeal.

The court filed his findings of fact, in which he found:

(a) That appellant sold to William Stillians a Ford car, taking in payment the notes sued on and a Ford car which he found to be worth $150 at the time of the sale.

(b) That William Stillians had paid appel-

lant the sum of $123 in cash on the new car, in addition to the old car traded in.

(c) That William Stillians was under the age of 21 years at the time of the sale to him of the new car and at the time of the trial.

(d) That the appellant and its agents and employees knew, at the time of the sale of the new car to Stillians, that he was a minor and without a legal guardian of his estate.

(e) That the automobile sold to Stillians was not a necessary.

(f) That Stillians voluntarily returned the car to appellant immediately after the suit was filed, and that said automobile had been restored to appellant.

(g) That said automobile was in good condition when so returned.

(h) That the car traded in on the purchase of the new car was also in good condition at the time it was traded in.

(i) That the value of the use of the car traded in to appellant offset the value of the use of the new car sold to appellee.

(j) That the contract whereby appellant sold the car to appellee was fair and reasonable, and that appellant did not mislead or use unfair methods in order to induce appellee to purchase the car.

(k) That the $123 paid by William Stillians to appellant on said new car was money that he had earned while living with his parents.

(l) That said William Stillians was a minor, had always lived with his parents, was a single young man, had not been emancipated by his parents, and had no legal guardian of either his person or his estate. There is also in the record a complete statement of facts duly agreed to by the parties and approved by the court, which amply supports the court's findings. Upon these findings the court concluded, as a matter of law, that the notes sued on should be canceled and that William Stillians, through his father as next friend, should recover $123, the money paid by him to appellant on the new car, and the value of the car traded in by him to appellant as part payment on the new car in the sum of $150, and judgment was rendered accordingly.

[1] Appellant's first proposition is that its general demurrer to the answer of appellee should have been sustained, because, it says, there was no offer to do equity in that there was no tender therein of the new car back to appellant. The record discloses that when appellant filed suit it also sued out a writ of sequestration to secure possession of the car, and that as soon as this was known to appellee he and his father immediately gave possession of the car to the sheriff and he turned the car over to appellant. The car being in the possession of appellant at the time appellee filed his answer and cross-action, it was not necessary therein to tender possession of the car. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849; Fulwiler Electric Co. v. Spann

(Tex. Civ. App.) 252 S. W. 892; 31 C. J. 1069, § 166. What we have said disposes of appellant's second, third, and fourth propositions.

[2] Appellant's fifth proposition is that the court erred in refusing to admit in evidence William Stillians' statement executed at the time he bought the car in question, in which he stated that he was 21 years of age. The evidence was admissible, but a witness for appellant while on the stand with the statement in his hand testified fully as to its contents. This rendered its exclusion harmless.

[3] Appellant contends that the court erred in refusing to allow as an offset against any judgment that appellee might obtain against it the amount of depreciation of the car that William Stillians had bought from it, as the court had found that the contract of sale appellant made with appellee was a just, fair, and reasonable one. This contention is overruled. The minor having the right to disaffirm his contract of purchase, the seller must take the returned property in the condition in which he finds it. The minor is no more liable for the use or depreciation in value of the property purchased by him and while in his possession than he would be for the original purchase, in the absence of some tortious act of the minor in relation to the property. Mast v. Strahan (Tex. Civ. App.) 225 S. W. 790; Price v. Furman, 27 Vt. 268, 65 Am. Dec. 194; 16 A. & E. Ency. of Law (2d Ed.) 295.

[4] Appellant's ninth proposition asserts that the court erred in rendering judgment in favor of William Stillians against appellant for $123 paid by appellee to appellant on the car bought from appellant, because said money was earned by William Stillians while he was living with his parents, under age, not emancipated, and without the removal of his disabilities, for in that said money was owned by the father of appellee and therefore appellee could not have judgment for same. The record discloses without dispute that the $123 paid by William Stillians to appellant on the purchase contract was money that he had earned while a minor living with his parents, and that he had not been emancipated. It also shows that the suit was prosecuted by John Stillians, father of appellee, as his next friend. This being true, the assignment is overruled. Where suit is prosecuted by a minor suing by his next friend, the judgment, if he recovers, should be entered in favor of the minor. The next friend cannot receive the money unless he becomes the guardian of the estate of the minor. Galveston Oil Co. v. Thompson, 76 Tex. 235, 13 S. W. 60; Galveston City Railway Co. v. Hewitt, 67 Tex. 473, 482, 3 S. W. 705, 60 Am. Rep. 32.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.