

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

This Opinion
Affirms Opinion

#✱ᴜ⋰ᴜ⋰-5᷈᷈2᷈4᷈

February 28, 1972

Honorable Raymond W. Vowell
State Department of Public
 Welfare
John H. Reagan Building
Austin, Texas    78701

Dear Mr. Vowell:

Opinion No. M-1085

Re:  The authority of the
     State Department of
     Public Welfare to make
     payments directly to
     emancipated minor ap-
     plicants for or re-
     cipients of assistance,
     and payments to the
     parents or persons act-
     ing in loco parentis
     for the benefit of
     minor applicants for
     or recipients of
     assistance.

In your recent letter to this office you ask our opinion as to the authority of the State Department of Public Welfare to make assistance payments:

1.  Directly to minor applicants or recipients
    in the Aid to the Blind and the Aid to the
    Permanently and Totally Disabled programs,
    where such minors have been emancipated from
    parental control.

2.  To the parents of an applicant or recipient,
    or another person acting in loco parentis
    to an applicant or recipient, where such
    payments would be authorized under Federal
    regulations.

Your letter further points out that departmental policy at the present time is to make payments to the guardian of the minor, or to the minor directly only if his disabilities have been removed by the Court or through his marriage.

The first suggested policy change would permit payment directly to a minor who has been emancipated from parental control. The second policy change would expand this further by allowing payment directly to a natural guardian (parent) or another person acting in loco parentis to the minor applicant or recipient. In Attorney General's Opinion No. WW-524 (1958) this office said the following:

> "The Department of Public Welfare may make payments to a general guardian of the person of the ward upon proper court order, but may not make payments to the natural guardian of the ward."

The rationale of that opinion was that a guardian of the person of the ward could not receive and expend public assistance payments unless he was authorized by a proper court order to do so. Such payments were considered to be a part of the corpus of the ward's estate and were not income to him (citing 21 Tex.Jur. 144, Sec. 158, and authorities). This same language and necessary result are now found in 27 Texas Jurisprudence 2d 451-452, Guardian and Ward, Section 129, citing the same authorities. This 1958 opinion also quoted Texas Jurisprudence as follows:

> "The authority of the natural guardian insofar as the property of the ward is concerned does not extend to general control or management, . . ." 21 Tex. Jur. 136, Sec. 152.

This same quote and accompanying authorities can be found now in 27 Texas Jurisprudence 2d 455, Guardian and Ward, Section 135. As a consequence, we do not find that there has been any change in the law governing this situation, and reaffirm our Opinion No. WW-524. It is, therefore, the opinion of this office that assistance payments to minor applicants or recipients under the programs here concerned may not be made to natural guardians or to another person acting in loco parentis.

The remaining aspect of your prospective policy change involves payment directly to emancipated minors. It is the opinion of this office that only those minors who have had their disabilities removed pursuant to the statutory provisions contained in Article 5921 through 5923a, Vernon's Civil Statutes, or pursuant to marriage, may receive assistance payments directly from the Department. Express or implied consent

by a parent or natural guardian to emancipation of the minor does not remove legal disability nor affect the minor's right to disaffirm contracts. Mast vs. Strahan, 225 S.W. 790 (Tex.Civ.App. 1920, no writ).

## SUMMARY

The State Department of Public Welfare has no authority to make assistance payments under the Aid to the Blind and the Aid to the Permanently and Totally Disabled Programs, (1) directly to minor applicants, where such minors have not had their disabilities removed pursuant to Articles 5921, et seq., Vernon's Civil Statutes, or pursuant to marriage, or (2) directly to natural guardians of a minor applicant or recipient, or another person acting in loco parentis to a minor applicant or recipient. Attorney General Opinion No. WW-524 (1958) is reaffirmed.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Arthur Sandlin
Sam Jones
Harriet Burke
Fisher Tyler

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant