

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 12, 1973

Honorable Martin D. Eichelberger
Criminal District Attorney
Waco, Texas 76701

Opinion No. H- 29

Re: Questions relating to the
District Court's power to
regulate the handling of
Minor's funds deposited
in the registry of the Court,
where no guardian has been
appointed.

Dear Mr. Eichelberger:

You have asked a number of questions concerning the handling of a
minor's funds deposited in the registry of the court by a next friend,
pursuant to Article 1994, Vernon's Texas Civil Statutes.

There is no common law authority for a next friend or person other
than a legally appointed guardian, to withdraw funds recovered by a
minor and deposited in the court. Prior to 1893, the courts held
that the proceeds of a judgment for the benefit of a minor were to be
paid into the registry and to remain there until a legal guardian
qualified or until the minor's disabilities were removed. Galveston
Oil Co. v. Thompson, 76 Tex. 235, 13 S. W. 60 (1890); Galveston
City Railway v. Hewitt, 67 Tex. 473, 3 S. W. 705 (1887).

In 1893 the Legislature adopted a statute authorizing withdrawal by
a next friend when the interest of the minor in the recovery did not
exceed the value of $500.00. (Acts, 1893, 23rd Leg., Ch. 6, p. 3). After
numerous amendments both adding provisions and increasing the
stated dollar amount, the statute is now found as Article 1994, Vernon's
Texas Civil Statutes, and provides, in part:

> "Minors, lunatics, idiots or non compos mentis persons
> who have no legal guardian may sue and be represented by
> 'next friend' under the following rules: 1. In such cases
> when a judgment is recovered for money or other personal
> property the value of which does not exceed One Thousand
> Five Hundred Dollars ($1, 500.00), the court may by order
> entered of record. authorize such next friend or other

person to take charge of such money or other property for the use and benefit of the plaintiff when he has executed a proper bond in a sum at least double the value of the property, payable to the county judge, conditioned that he will pay said money with lawful interest thereon or deliver said property and its increase to the person entitled to receive the same when ordered by the court to do so, and that he will use such money or property for the benefit of the owner under the direction of the court.

"2. The judge of the court in which the judgment is rendered upon an application and hearing, in term time or vacation, may provide by decree for an investment of the funds accruing under such judgment. Such decree, if made in vacation, shall be recorded in the minutes of the succeeding term of the court . . . ."

It is clear, that, when the recovery exceeds the statutory amount, the provision for withdrawal does not apply. See for instance, Gulf Sea and S. F. Railway v. Younger, 45 S. W. 1030 (Tex. Civ. App., 1898, no writ hist.); Travellers Insurance Co. v. Calcote, 205 S. W. 2d 56 (Tex. Civ. App., Fort Worth, 1947, err. ref., n. r. e.).

Your first question is:

"(1) Whether or not the Court, after ordering the funds of the minor deposited in the First National Bank, Waco, Texas, restricted so that none of the proceeds recovered by judgment can be spent without a proper order of Court and bond as required by law, can by proper Court order, permit the next friend to withdraw the interest on sum invested for support of Minor?"

If the judgment is for an amount less than $1,500.00, upon the posting of a proper bond, the court may permit withdrawal of the funds by a next friend. If the amount is in excess of $1,500.00, it cannot.

Your second question is:

> "(2)  Could the Court approve a bond by next friend
> indemnifying the minor against loss from use of interest
> until he is twenty-one, and permit the interest to be
> used for his education and medical attention? "

If the amount of the recovery exceeds $1, 500. 00, there is no authority,
either at common law or by statute, for the court to permit the next friend
to withdraw interest to use for the minor's education and medical attention.

Your third question is in five parts all based upon the premise that the
funds are invested in such manner that they may not be withdrawn without
an order of the court and thus no bond is required of the next friend.  Your
first question asks:

> "(3)  1.  The Court enters order requiring funds on
> deposit to be placed in the First National Bank by acquiring
> a Certificate of deposit from the bank, that expressly
> forbids the removing of any of funds from bank, without
> order from Court, would the order so entered apply to
> the interest as well as the principal? "

It is our opinion that the order should forbid removing of any funds,
including interest, without other order of the court.

Your second questions asks:

> "(3)  2.  If the order of Court depositing the funds
> does not apply to the interest on deposit, could Court,
> where no guardian has been appointed, permit the
> interest to be paid under order of Court to the next
> friend for use and benefit of minor, for his food,
> clothing, education, medical expense, etc? "

Even if the order entered by the court does not apply to interest on
the deposit, nevertheless there is no authorization for the court to
permit the interest to be paid to the next friend if the initial recovery
exceeded $1, 500. 00.

Your third question asks:

"(3)  3.  If, the funds are a part of the certificate of deposit then where interest earned is less than $1, 500. 00 a year, would Court have power to permit the next friend to withdraw the interest as it accrues for support and benefit of minor, if a bond by next friend was filed with District Court to cover the interest being used? "

The statutory authorization to withdraw any funds is dependent upon the amount of the initial recovery, not upon the amount of annual interest and therefore, even though the interest earned is less than $1, 500. 00, if the interest of the minor in the recovery exceeds that amount, nothing may be withdrawn.

You ask:

"(3)  4.  Would the Court have authority under Art. 1994 as amended, where no guardian has been appointed, to set a bond large enough to cover the principal on deposit and amount of interest to be earned, and restrict the spending of principal, and permit by Court order the withdrawal of interest? "

In our opinion the court would not have such authority.

Your final question asks:

"(3)  5.  If no,  'what would the next friend have to do to comply with provision of the Statute which 'no bond shall be required of the next friend in respect to such monies until the same are withdrawn from financial institution,  'AT WHICH TIME THE COURT SHALL ORDER SUCH BOND TO BE MADE AS BE APPROPRIATE UNDER OTHER PROVISIONS OF THIS ARTICLE' .  If funds did not exceed $1, 500. 00  in interest, why would not next friend's bond protect minor and comply with statute? "

Under the circumstances you state, it may very well be that the bond would protect the minor but the fact remains that there is no statutory authority to permit a withdrawal if the minor's interest in the initial recovery exceeded $1, 500. 00.

As we have indicated, the statute, and the cases construing it, leave little doubt but that the provisions for withdrawal by the next friend upon posting a bond apply only to those cases in which the minor's interest in the recovery is $1,500.00 or less. If the interest is greater than that amount and it is thought desirable to withdraw the funds for use in the support of the minor, then the provisions of Part 3, Chapter 5 of the Probate Code must be followed.

### SUMMARY

Where the interest of a minor in a recovery exceeds the amount of $1,500.00, neither Article 1994, Vernon's Texas Civil Statutes, nor any other statute or rule of common law would authorize a next friend to withdraw a portion of the recovery or the interest on the recovery for the purpose of supporting the minor and paying his necessary expenses or for any other purpose.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee