## Greenville Dowell v. Agabus Winters.

Where the defendant had failed to file an answer in the suit, it was held to be no answer of the plaintiff's demand for judgment by default, that defendant had commenced a distinct suit in the same Court, in which, among other things, he alleged that he did not owe the plaintiff in this suit anything, but that said plaintiff was indebted to him in a large amount, that the institution of said suit was contrary to equity and good conscience, wherefore he prayed an injunction; there having been no order by the Judge, for the issuance of the injunction.

It is obvious that such applications (to set aside a default) ought not to prevail, where the effect would be to delay the trial, unless upon a good excuse for the default, and the presentation of a meritorious defence; nor in any case, where it would be to let in an unconscientious, or a merely technical defence.

In a late case at Austin, (Foster v. Martin, *supra* 118,) we held that the Court rightly refused to set aside a default, where it would have been to let in the statute of limitations.

But where the trial has not been delayed, and there is an affidavit of merits, (stating the facts, of course,) we think the default should be set aside, and the answer received upon some showing by way of excuse for the failure to plead in time.

Where a party files a motion for new trial, or to set aside a judgment, within two

days after judgment, as prescribed by the statute, he may afterwards, before the motion is disposed of by the Court, amend by showing additional causes.

Error from Brazoria. Tried below before the Hon. James H. Bell.

Suit by defendant in error against Greenville Dowell, Sarah L. Dowell his wife, and John M. Prewitt, on a promissory note, and to foreclose a mortgage, or deed of trust, given to secure the same, commenced February 26th, 1857. Citation served on Greenville Dowell, in Harris county, March 11th, 1857. Service accepted by Prewitt, who was trustee and merely a nominal party. No service on Mrs. Dowell.

It appeared by bill of exceptions, that on the 10th of April, 1857, the 5th day of the Term, said case being called, plaintiff dismissed as to the defendant Sarah, and prayed judgment by default against the said Greenville Dowell, to which the said defendant Dowell, by his attorney, objected, and alleged as his cause of objection, that the said Dowell had instituted his suit against the said plaintiff and one S. L. S. Ballowe, and that in the petition by which said suit was brought he (the said Dowell) had applied for an injunction to stay proceedings in this cause ; and that it was alleged in said application for an injunction that the said Dowell did not owe the plaintiff in this suit anything, and that the said plaintiff was indebted to him, the said Dowell, in the full sum of five thousand two hundred and eleven dollars on the cash valuation of property, over and above paying all claims, debts, dues and demands from said Dowell to Winters, as well as the further sum of two thousand and seventy-five dollars damages for having wrongfully taken possession of the property of the said Dowell; and that the institution of this suit by the said plaintiff against the said Dowell, was contrary to equity and good conscience. The said defendant Dowell proffered to read to the Court an application for injunction. Whereupon the Court overruled the said objection of the defendant, and gave judgment by default. The said defendant, by his attorney, on the day after the rendition of the judgment by default as aforesaid, made a motion to set aside the said judgment by default, by alleging several causes, which the record will show, which motion was overruled by the Court; to all of which rulings and decisions of the Court the defendant excepts, and prays that this bill of exceptions may be signed and sealed by the Court, and considered as a part of the record in this cause.

Dowell v. Winters.

It is shown by the Presiding Judge, in explanation of the rulings and action of the Court in this cause, that the defendant did not ask leave of the Court to file an answer, when the plaintiff asked for a judgment by default, but relied on the prayer for an injunction in another cause, as a sufficient answer in this cause.

This bill of exceptions is accordingly signed, sealed and recorded as part of the record in this cause.

The motion filed on the day after judgment, as stated in the bill of exceptions, was on the ground alone, that the judgment by default was improperly rendered. On the 15th of the month, which was five days after judgment, " comes the defendant, and asks leave to amend his motion to set aside the judgment," &c. Here followed the showing, the substance of which is stated in the Opinion. Same day motion overruled in general terms.

*J. T. Brady*, for plaintiff in error. I. The application to enjoin proceedings in this suit contained all the necessary allegations of a plea to prevent default, and could be considered in no other way than as a defence to this suit. A defence is defined to be the denial of the truth or validity of the complaint. (See Bouvier, Dic. 389.) Any proceeding that contests a plaintiff's right to recover in his action, is a plea under our system of practice.

The suit commenced by the plaintiff in error against the defendant in error and the said Ballowe was in the nature of a cross-bill, which is always considered a mode of defence to an original bill. (See Dan. Chan. Prac. 1806 ; 4 Sanf. Ch. R. 210.)

Under our system of practice, the rights of the parties do not depend upon the form but upon the merits of the pleadings. After the attention of the Court below had been called to the cross-suit, the Court could, at its own instance, have ordered the two suits to have been consolidated, thereby making the cross-suit an answer to the original. (See Moore v. Frances, 17 Tex. R. 28; Castro v. Whitlock, 15 Id. 437.) Such a proceeding would have been legal, and decidedly more equitable than that of giving judgment by default.

II. The Court below erred in overruling the motion to open the default; because, if there was any default at all, it was unintentionally made, and was caused by a mistake as to the correct practice of the Court, which is sufficient to excuse default when

the defendant swears to a meritorious answer, which was done in this case. (3 Johns. Cas. 91; Cannon v. Hemphill, 7 Tex. R. 198, and authorities cited; Stone v. Brown, 16 Id. 431; 3 Johns. R. 448; 2 How. Miss. R. 136; 4 Id. 282.)

*Munson & Lathrop*, for defendant in error. I. It seems to us that nothing can be clearer than that if the matters alleged in the petition for an injunction showed that the defendant was not indebted to plaintiff, or if they were matters that were a defence to this suit, they should have been pleaded in answer; for there is no necessity of making two suits of what related to the same subject-matter, and might as well be litigated in one. (York v. Gregg, 9 Tex. R. 85.)

II. If our view of the matter is correct, defendant seeks a new trial on the ground that the defendant and his attorney were laboring under an erroneous impression as to the law as to the manner of defending this suit. This we conceive is not a sufficient cause for a new trial. When a new trial is sought on the ground of surprise, (which is virtually the case in this instance,) the Courts require the strictest showing of diligence on the part of the applicant. And negligence or mistake of the law, on the part of the agent or attorney of the applicant, will defeat the application. (See 3 Graham & Waterman on New Trials, 921, 923, 935, 941, 963, 1026; 1 Son. & Marsh. 611; 7 Id. 601; 3 Bibb, 80; 10 Tex. R. 536; Dodge v. Strong, 2 Johns. C. H. R. 228; Falkner v. Howard, 6 Rand. 125; Lucas v. Bank of Darien, 2 Stewart, 280; Davis v. Pressler, 5 S. & M. 459; 5 How. Miss. 80; 2 J. J. Marsh. 1; 2 Ham. 311.) All the authorities have supported the wholesome doctrine that to grant a new trial on account of the negligence of the party applying for the same, or the unskilfulness of his attorney, would be holding out a premium to inefficiency and remissness, and would inevitably lead to great abuses.

WHEELER, J. It is quite too clear for argument, that the petition in a suit against the plaintiff and another, and the prayer therein for an injunction to stay proceedings in this suit, was no answer to the action, and interposed no impediment to the rendition of the judgment by default, for the want of an answer.

The only question upon which there is cause to hesitate, is, whether, upon the affidavit of the attorney, to the effect that it

was not his intention to suffer judgment to go by default, and that he had failed to file his answer under the mistaken belief that the petition for an injunction would prevent the rendition of judgment, and that he was prepared to file an answer containing a meritorious defence; and the further affidavit of the party that he had a meritorious defence, and the tender of his answer showing such defence and his affidavit to the truth of it, the Court ought not to have set aside the judgment by default and received the answer. The application addressed itself to the sound discretion of the Court, to be determined by considerations of convenience and equity. And under the practice of other Courts the application, it seems, would have prevailed, upon such terms, however, as to costs, as the Court deemed equitable. (6 Johns. R. 131; 14 Id. 343.) The practice of other Courts, however, is not obligatory. But the practice in our own Courts ought to be referable to some general principle, to produce uniformity; and this renders it proper that we should revise the judgment, although upon a question resting in some degree in the discretion of the Court. It is obvious that such applications ought not to prevail, where the effect would be to delay the trial, unless upon a good excuse for the default, and the presentation of a meritorious defence; nor in any case, where it would be to let in an unconscientious, or a merely technical defence.

In a late case at Austin we held that the Court rightly refused to set aside a default, where it would have been to let in the defence of the statute of limitations. (Foster v. Martin, *supra*, 118.)

But where the trial has not been delayed, and there is an affidavit of merits, we think the default should be set aside and the answer received, upon some showing by way of excuse for the failure to plead in time. The excuse proffered in this case was certainly very slight. But it appears that the counsel acted under a mistake of law. Both counsel and client appear finally to have done their best to make amends; they present, what seems to be a strong case of merits; and there is reason to apprehend, that if not allowed to make defence, irreparable injury may be the consequence. For, having no such excuse for not having made his defence to the action as a Court of Equity would deem sufficient, the defendant may not be entitled to an injunction to stay execution upon the judgment, until he shall

have established his cross-demands against the plaintiff in another suit.

It does not appear that the trial would have been delayed; the plaintiff would not have been injured or hindered, by reason of the default; and on the whole, we conclude that the Court ought, under the circumstances, to have set aside the judgment by default, upon the payment of costs, and permitted the defendant to answer to the merits of the action; and that the Court erred in refusing it. The judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.