**TEXAS IRON & METAL CO., INC., Appellant,**

v.

**UTILITY SUPPLY COMPANY, Appellee.**

**No. 16008.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 8, 1973.

Rehearing Denied April 12, 1973.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Fulbright, Crooker & Jaworski, Sandra K. Foster, Houston, for appellee.

COLEMAN, Judge.

This is an appeal from a default judgment.

Appellee alleged that appellant removed a 16″ Landis Pipe machine, which "belonged" to appellee, from the Coffield Warehouse in Harris County, Texas, and converted the machine to its own use, "and/or" sold the machine and converted the proceeds to its own use. It alleged demand for the machine and a failure on part of appellant to return it, to its damage in the sum of $7,600.00, the fair market value of the machine. On the failure of appellant to file a timely answer, a default judgment in that amount was entered on November 3, 1969. Appellant's motion for new trial was heard on November 24, 1969, and by order signed and entered on the 9th day of December, 1969, was granted in part, and the judgment was set aside as to damages only. On December 11, 1969, the defendant filed an answer to the merits, and subsequently an amended answer. On motion the amended answer was stricken for the reason that no issue as to liability remained in the case. The case was then tried to a jury on the issue of damages only, and a judgment for appellee was entered.

In its motion to set aside the default judgment appellant alleged "that the defendant was served with citation . . ." After receiving the citation the defendant's agent, Sidney Reichenthal, read the plaintiff's petition and the copy of the citation attached thereto, and not having been served with citation at any prior time, he misconstrued the last paragraph contained in the citation, which reads as follows:

" 'Herein fail not, under penalty of the law and of this writ, make due return on or before 20 days from date of service, or if not served, on or before 90 days from date of issuance of this citation.' Not having any previous experience in litigation, the defendant alleges that therefore its agent inadvertently construed such statement as meaning that he had until on or about 3 day of January, 1970, in which to employ an attorney and have an answer filed in behalf of the defendant Corporation. Prior to and at the time the defendant's agent was served with citation, the defendant was confronted with labor shortage problems and therefore its agent did not have the opportunity to consult with an attorney, particularly because he thought he had sufficient time to do so in the future; . . ."

The appellant also alleged that the default judgment should be set aside "because . . . particularly inasmuch as the machine in question was originally sold to Joe Collins, personally, in February of 1964, for a certain consideration, of which only a part of such consideration was paid; in the meantime, the machine was kept in the warehouse by the defendant until August of 1968, at which time it was removed from the warehouse by the defendant, because of the fact that Joe Collins failed to pay the balance due, and said machine was sold by the defendant to some third person." An affidavit of Sidney Reichenthal, President, Texas Iron & Metal Company, Inc., was affixed to the motion, in which he stated that the facts and statements contained therein are true and correct.

The motion is sufficient to show that the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident. The motion also sets up a meritorious defense and was filed at a time when the granting thereof would have occasioned no delay or otherwise work injury to the plaintiff. Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966).

In addition to the statement previously quoted, appellant stated in his motion " . . . that it had sold the machine in question to one Joe Collins personally, in February of 1964, and that the latter agreed and promised to pay to the defendant the total sum of $3,500.00 and that until the full amount would be paid to said defendant, the title to said machine would be retained by the defendant. That Joe Collins only paid the sum of $3,000.00, and the defendant on numerous occasions made demand for the payment of the balance due and notwithstanding such fact, the said plaintiff at all times failed and refused to pay such balance and disclaimed that it had ever purchased or owned said machine; . . ."

Appellant has sworn to facts which at a trial on the merits would raise an issue of title to the machine. An action for conversion cannot be maintained by one who has no title to the machine. Epstein v. Meyer Bros. Drug Co., 82 Tex. 572, 18 S.W. 592 (1891).

In Lang v. Rickmers, 70 Tex. 108, 7 S.W. 527 (1888), Judge Stayton stated the rule to be: "When the contract of sale is that the goods sold shall be paid for with cash, . . . the sale is on condition that the payment be made, and until this is done the title to the goods remains in the vendor . . ."

In this case the trial court granted a partial new trial. Appellant has not complained that this action was beyond its au-

thority. The question is not briefed by either party. In Eubanks v. Winn, 420 S. W.2d 698 (Tex.1967), the court said: ". . . If a new trial is to be granted in a case such as this, it must be a complete new trial, even though the motion for new trial was granted on points relating solely to liability and not to damages, or vice versa . . ." We recognize that the Rules of Procedure require only a trial of the issue of damages, when damages are unliquidated and the defendant defaults. There is no rule which authorizes the granting of a partial new trial of an indivisible cause of action. Since the question has not been briefed and its resolution is not necessary to the decision of this case, it will not be decided. We point out the question in order that it will be clear that we do not necessarily approve the procedure followed in this case.

Reversed and remanded.