**TEXAS STATE BOARD OF PHARMACY, Appellant,**

v.

**Roel MARTINEZ, et al., Appellees.**

**No. 13–82–208–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 8, 1983.

Rehearing Denied Oct. 6, 1983.

Robert W. Gauss, Asst. Dist. Atty., State & County Affairs, Austin, for appellant.

R.A. Vidaurri, McAllen, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a default judgment reversing and setting aside those actions of the Texas State Board of Pharmacy which revoked Roel Martinez' pharmacists' license and fined Roy's Pharmacy the sum of $2,500.00. Roel Martinez and Roy's

Pharmacy (appellees in this action) filed suit against the Texas State Board of Pharmacy (appellant in this action) on January 28, 1982, for review of an administrative action. Plaintiff's Original Petition alleged jurisdiction and venue in Hidalgo County, Texas, under Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(b)(1). On February 12, 1982, appellant filed a Motion to Dismiss the suit on the ground that jurisdiction in the suit was only proper in Travis County, Texas. On March 18, 1982, a hearing was held on appellant's Motion to Dismiss. The trial court overruled the motion and appellee immediately moved for a default judgment because no answer had been filed in the suit. Appellee's Motion for Default Judgment was granted. This judgment recites that it was rendered at 10:00 a.m. on March 18, 1982. At 11:20 a.m. on the same day, appellant (trial defendant) filed Defendant's Original Answer. Defendant's First Amended Original Answer was filed on March 30, 1982, and Defendant's Second Amended Original Answer was filed on April 22, 1982. On April 6, 1982, appellant filed a Motion for New Trial. On April 16, 1982, appellant filed an Amended Motion for New Trial. A hearing was held on this Motion on May 17, 1982, and it was subsequently overruled by operation of law. We reverse and remand.

Three Texas Statutes must be reviewed in determining where the review of a Texas State Board of Pharmacy ruling may be taken. Article 6652–13a, § 19, Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1982–83), the Administrative Procedure and Texas Register Act, provides that judicial review of an administrative action must be filed in Travis County, Texas, *unless otherwise provided for by statute.* Art. 4542a, § 12, Tex. Rev.Civ.Stat.Ann. (Vernon Supp. 1982–83), provides that an appeal from a refusal, revocation, or suspension of a license to practice pharmacy may be taken "to any of the District Courts where said applicant resided at the time the offense was committed which resulted in the Board's action refusing, revoking or suspending said license." Finally, art. 4542a–1, Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1982–83); 1)

provides that "a final decision by the board [of pharmacy] is subject to judicial review in accordance with the Administrative Procedure Act..."; 2) repeals all laws or parts of laws inconsistent with the act; and, 3) provides that art. 4542a–1 will not apply to offenses prescribed by the act but committed before the effective date of the act or any proceeding pending before the board on the effective date of the act; instead, that law *existing before* the effective date of art. 4542a–1 will apply as if the act was not in force.

Both art. 4542a–1 and article 4542a, § 12 became effective on September 1, 1981. However, art. 4542a, § 12, in its form prior to amendment, also provided for review of a Board order, decision, or ruling in the District Court where the applicant resided at the time of the offense committed. Pharmacy Law—Amendment, ch. 395, § 12, 1943 Tex.Gen.Laws, Local & Spec., amended by Acts 1981, 67th Leg., p. 103, ch. 52, § 3, eff. Sept. 1, 1981.

Under the combination of the acts, for appellee to be entitled to a review, in Hidalgo County, of an order, decision, or ruling of the Texas Board of Pharmacy: 1) the conduct he was charged with committing must have occurred prior to September 1, 1981; or, 2) the proceeding involving its ruling must have been pending before the Board on September 1, 1981; and, 3) appellee must have resided in Hidalgo County at the time the offense was committed which resulted in the Board's action refusing, revoking or suspending appellee's license to practice pharmacy.

■ Appellant presented no evidence, prior to the trial court's action in overruling its Motion to Dismiss, which would support its assertion that review was mandatory in Travis County. Attached to Plaintiff's Reply to Defendant's Motion to Dismiss, and as part of the record, is an affidavit subscribed and sworn to by Roel Martinez. In it, he states that the offenses allegedly committed by him, and which resulted in his license being revoked, occurred prior to the effective date of the new Pharmacy Act

and while he was a resident of Hidalgo County.[1] Under the record before us, we find that the trial court had both jurisdiction and venue to review the ruling made by the Texas Board of Pharmacy. Appellant's second point of error is overruled.

■ Appellant's first point of error complains that the trial court erred in granting a default judgment. We disagree. After overruling the Motion to Dismiss, the trial court determined that no answer was on file in the suit and entered a default judgment. At this time, the only document filed in the suit by appellant was its unverified Motion to Dismiss. We hold that this motion did not constitute an answer and, since no answer was on file, the trial court properly granted a default judgment. Appellant's first point of error is overruled.

Appellant's third point of error alleges abuse of discretion by the trial court in refusing to grant its Amended Motion For New Trial and to Vacate the Default Judgment. We find that the failure to grant appellant's Motion was an abuse of discretion. The rule with regard to granting a new trial and setting aside a default judgment was set forth in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). There, the court stated:

"[a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at the time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

The rule announced in *Craddock* was restated in *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966), wherein it was also said:

"The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."

In *Cragin v. Henderson County Oil Development Co.,* 280 S.W. 554 (Tex.Comm'n App.1926, holding approved), the ruling was announced as follows:

"An applicant for a new trial who has shown himself free from negligence in the matter of default against him is required to set forth a meritorious defense, one which if established upon another trial will produce a different result. But when he has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion."

The verified Amended Motion for New Trial alleged that the trial of this case would be conducted under the substantial evidence rule; that the Administrative Record would reflect that the Board Order had reasonable support in substantial evidence. It was alleged that the entire Administrative Record was on file among the papers in the cause, and such Administrative Record was incorporated by reference in the Amended Motion for New Trial. The Administrative Record was introduced into evidence at the hearing on the Motion for New Trial. It was alleged that such Administrative Record would constitute a meritorious defense to the plaintiff's cause of action. The Motion further alleged that the Board was ready, willing, and able to go to trial immediately, and that the granting of the Motion would not occasion any delay nor would it otherwise injure the plaintiff. The Motion also includes a statement of the willingness of the Board to reimburse the plaintiff for any reasonable costs which might have been incurred in obtaining the

1. The only reference in the record relating to that time in which proceedings were pending before the Board, is contained in the judgment; wherein it is stated: "This Court takes judicial notice of the applicable dates set out in Plaintiffs' Original petition of the Public Hearing by Defendant, which is before the effective date of the new Texas Pharmacy Act."

default judgment. The Motion was supported by an Affidavit of Roger R. Hernandez, R. Ph., Director of Investigations for the Texas State Board of Pharmacy, supporting those findings of the Board which revoked the pharmacist's license of Roel Martinez and Roy's Pharmacy.

■ We find ample support for that part of *Craddock's* requirements that the motion set up a meritorious defense and occasion no delay or injury to the plaintiff. See *Guaranty Bank v. Thompson,* 632 S.W.2d 338 (Tex.1982). A much more difficult question becomes whether appellant has met the requirement of establishing that its failure to answer was not intentional or a result of conscious indifference but rather due to a mistake or accident. The facts in the case before us show: 1) that appellant knew of the lawsuit filed by appellee in Hidalgo County; 2) that appellant filed a Motion To Dismiss in the Hidalgo County suit; 3) that appellant appeared at the hearing on its Motion To Dismiss; 4) that appellant filed an answer in the suit after the rendering of a default judgment; and, 5) that appellant had filed an answer in an identical suit, filed by appellee in Travis County, prior to the entering of the Hidalgo County Default Judgment. Appellant's excuse for failing to file an answer in the Hidalgo County suit is appellant's mistaken belief that jurisdiction for the suit was only proper in Travis County, Texas, wherein it had filed an answer in response to the suit appellee had filed there.

There is apparently very little authority dealing with the failure to answer a lawsuit based upon a mistaken belief that an action taken in another suit relieved the party of his duty to answer. In *Guaranty Bank v. Thompson,* 632 S.W.2d 338 (Tex.1982), appellant filed pleas of privilege to two suits, seeking to have the actions transferred to Dallas County from McLennan County. The pleas of privilege were overruled, and while appellant was appealing that decision, default judgments were entered against it for failing to file an answer in the suits. In *Guaranty,* the Court stated: "[i]t is not disputed that Guaranty did not intentional-

ly fail to answer ..." and the Court did not reach the issue in reversing the default judgments and remanding for new trial. In *Meckel v. State Bank of Barksdale,* 256 S.W. 668 (Tex.Civ.App.—San Antonio 1923, no writ), plaintiff in error was sued in two counties on the same claim. The suit in the first county was pursued. A special or local law changed the appearance date in the suit and a default judgment was taken when plaintiff in error took no action in the pursued suit. The court, in reversing the judgment and remanding for a new trial stated:

"If a multiplicity of suits can ever be justified, in no case should they be tolerated to the confusion and undoing of an unoffending citizen, and while the two suits, in different counties, may have been instituted with no ulterior purpose, still we conclude that they have been conducive to the injury of plaintiff in error, and with other circumstances create equities in favor of plaintiff in error which should not be disregarded. Defendant in error knew that it had sued plaintiff in error in Real county, knew that plaintiff in error had filed an answer, setting up a defense to the cause of action pleaded by it, knew that cause of action was the same one sued on in Edwards county, knew that plaintiff in error would, in the very nature of things, know nothing about a change in the law made by a Legislature that had been in session only a few days, and would be deceived by a citation served on him just before the new law went into effect, and, knowing these things, still took the judgment by default, and deprived plaintiff in error of his day in court. We will not permit the judgment to stand."

Finally, in *Dowell v. Winters,* 20 Tex. 793 (1858), defendant did not file an answer in a suit, but rather "relied on the prayer for an injunction in another cause as a sufficient answer in this cause." A default judgment was taken and five days later defendant sought "to set aside the judgment." The court stated "it appears that the counsel acted under a mistake of law" and that while "[t]he excuse proffered in this case was certainly very slight" a new trial

should be granted. Appellant's third point of error is sustained.

Appellant has met the requirements of *Craddock* and is entitled to have the default judgment set aside. The judgment of the trial court is reversed and the cause remanded to the trial court for a trial on the merits.

REVERSED AND REMANDED.