James R. DUPNIK, Appellant,

v.

ARANSAS COUNTY NAVIGATION DISTRICT NO. 1, Appellee.

No. 13-86-561-CV.

Court of Appeals of Texas, Corpus Christi.

June 25, 1987.

Dan L. Barber, Corpus Christi, for appellant.

Ann Hennis, Corpus Christi, S. Reese Rozzell, Rockport, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a default judgment in a suit by appellee against appellant as surety on a construction payment bond. We affirm the judgment of the trial court.

Although served with citation, appellant failed to file an answer. An interlocutory default judgment on liability was taken by appellee. Upon receiving notice of the interlocutory default judgment, appellant filed a motion for new trial and an answer. The motion for new trial on the interlocutory default judgment was subsequently overruled by operation of law. A hearing was set for a trial on the merits on the damages issue only. Appellant also failed to appear at this hearing and a post-answer default judgment was rendered against him on damages.[1]

Appellant's sole point of error contends that the trial court erred in refusing to grant his motion for new trial. In his motion for new trial filed in the post-answer default judgment rendered on damages, appellant prayed for a new trial "upon both the issues of liability and damages." However, in his brief, appellant only addresses and argues his motion for new trial on the post-answer default judgment which dealt with the issue of damages.

A motion for new trial will not be disturbed on appeal absent a showing of abuse of discretion by the trial court. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984). The requisites for granting a motion to set aside a trial court's default judgment also apply to a post-answer default judgment. *Grissom v. Watson*, 704 S.W.2d 325 (Tex.1986). In order to obtain a new trial after a default judgment has been rendered, appellant had the burden of: (1) proving that his failure to answer was not intentional or the result of conscious indifference, but was due to accident or mistake; (2) setting up a meritorious defense; and (3) proving that the granting of a new trial would occasion no delay or otherwise work an injury to appellee. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939); *First National Bank of Bryan v. Peterson*, 709 S.W.2d 276 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987).

In attempting to prove the first prong of the *Craddock* test, appellant attached the affidavit of Charles Mann to his motion for new trial. The affidavit states:

> Defendant's attorney of record was absent from the country at the time this cause was set for hearing. I am the attorney who was handling his affairs.

---

1. The judgment recites "JAMES R. DUPNIK, defendant appeared by attorney. Defendant having been duly notified by and through his attorney of record of this hearing failed to appear and made default." Appellant does not challenge this patent inconsistency in the wording of the judgment. The inconsistency appears to be the result of a drafting error since appellant filed a motion for new trial alleging that his failure to appear was the result of accident or mistake rather than intentional or conscious indifference and that his attorney did not receive notification of the hearing.

For some reason I did not receive notification of the hearing at which default was granted or if such notification was received it was inadvertently misplaced. I did, however, receive the clerk's notification of default in sufficient time to allow for the filing of this Motion for New Trial.

Defendant's failure to appear on the trial date was the result of accident or mistake, rather than intentional or conscious indifference.

In *Motiograph, Inc. v. Matthews*, 555 S.W.2d 196 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), Motiograph appealed from a default judgment. Motiograph's affidavit alleged that the petition was "inadvertently misplaced, and that upon receiving notice of the default judgment the attorney making the affidavit immediately filed a motion to set aside the default judgment." The Court stated:

These statements are merely conclusory and do not set forth sufficient specific facts from which the trial court or this court can determine whether conscious indifference has been met. The assertion that the citation was "inadvertently misplaced" after service upon Motiograph's employee merely summarizes an undisclosed chain of events which purportedly excuse Motiograph's unresponsiveness.

*Id.* at 197.

■ Mann's ambivalent assertion that "for some reason I did not receive notification of the hearing at which default was granted or if such notification was received it was inadvertently misplaced" does not affirmatively set forth sufficiently specific facts from which it can be determined whether the first prong of the *Craddock* test has been met by appellant. Mann certainly did not "unequivocally" state that he did not receive notice of the hearing, in fact, he offered an "alternative" reason for failure to appear. *See Cliff v. Huggins*, 724 S.W.2d at 779. Furthermore, Mann's affidavit did not state that arrangements were made to obtain appellant's lawyer's mail or even that Mann was authorized to act as appellant's lawyer.

"Conclusory allegations of no intent or conscious indifference do not suffice." *Folsom Investments, Inc. v. Troutz*, 632 S.W.2d 872, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) ("If the bare assumption that an insurer 'probably already' has notice of a suit were to be held any excuse at all, then every lawsuit would require two trials.") The Mann affidavit merely makes general allegations and conclusions. No abuse of discretion has been shown. Appellant's sole point of error is overruled.

■ Regarding the default judgment rendered on liability, appellant, in his affidavit attached to his motion for new trial, swore that:

I did not file or cause an answer to be filed in this case because at the time I was in an involuntary bankruptcy filed by David Maguglin against me. On or about September 12, 1985, I received the attached notice from the bankruptcy court and instructed my attorney Charles Mann to take no action with the expectation that the bankruptcy would be terminated twelve days from the date of the notice as set forth in the notice.

Appellant's affidavit shows a conscious decision not to file an answer based, apparently, upon a mistaken belief that being in bankruptcy alleviated the need for filing an answer. This is not the type of mistake which negates conscious indifference. *Carey Crutcher, Inc. v. Mid-Coast Diesel Services, Inc.*, 725 S.W.2d 500 (Tex.App.—Corpus Christi 1987, no writ).

Having determined that appellant has failed to meet the first prong of the *Craddock* test, we need not consider appellant's arguments regarding the second and third prongs of the test. Judgment of the trial court is AFFIRMED.