**James D. JOINER, Appellant,**

v.

**AMSAV GROUP, INC., and Richard P. Seib, Appellees.**

**No. 9607.**

Court of Appeals of Texas, Texarkana.

Sept. 20, 1988.

Rehearing Denied Oct. 18, 1988.

Robert Farmer, Freeport, for appellant.

John R. Gilbert, Gary L. McConnell, Angelton, H. Wayne Meachum, Dallas, George T. Wommack, Jr., Lake Jackson, for appellees.

GRANT, Justice.

James Joiner appeals from a default judgment based upon a cross-action filed by AMSAV Group, Inc. (hereinafter referred to as AMSAV) and Richard Seib. American Savings and Loan Association of Brazoria County (hereinafter referred to as the Association) filed the initial suit against AMSAV, Seib, and Joiner. AMSAV and Seib filed a cross-action against Joiner seeking full indemnity or contribution from Joiner in the event that the Association prevailed in the original cause of action. The cross-claim also contended that Joiner

had breached his fiduciary duty by conveying confidential information to the Association and conspiring with the Association to breach the agreements attached to the Association's original petition.

Joiner contends that the trial court erred in failing to grant a new trial, in rendering a default judgment even though he had made an appearance in the original suit, and in granting a default judgment against him when the pleadings did not provide fair notice of the nature of the cross-action.

The Association filed a lawsuit against AMSAV and Seib in Cause No. 87R1108 on May 11, 1987. On May 15 of the same year, the Association filed suit against AMSAV, Seib and Joiner in Cause No. 87R1151. Joiner was served on May 21, and he appeared in person at a combined temporary injunction hearing on both causes, which the trial court consolidated into Cause No. 87R1108. On June 19, AMSAV and Seib filed their cross-action against Joiner and served him by certified mail. Joiner never filed an answer to the main claim or the cross-action, but on July 1, 1987, Joiner was dismissed from the main action on the plaintiff's motion by the following order:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the above-styled cause of action, as to the Defendant, JAMES D. JOINER, be dismissed without prejudice.

SIGNED this 1st day of July, 1987.
John D. Rainey (Signature)
JUDGE PRESIDING

On August 4, 1987, default judgment on the cross-action was taken against Joiner in the amount of $1,530,000 by AMSAV and Seib. Joiner filed a motion for new trial on August 25, 1987, filed an amended motion for new trial on September 2, 1987, and the trial court denied his motion on September 24, 1987.

We first address Joiner's contention that the trial court erred in denying his motion for a new trial. A default judgment should be set aside and a new trial ordered when the defendant shows: (1) that the failure to answer was not inten-

tional or the result of conscious indifference but was due to a mistake or accident; (2) that he has a meritorious defense; and (3) that when the motion was filed, granting it would not cause delay or other injury to the plaintiff. *Grissom v. Watson*, 704 S.W.2d 325 (Tex.1986); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App.1939, opinion adopted).

Although Joiner's amended motion for new trial does not detail his contention that his failure to answer was due to a mistake or accident, the motion shows that his mistaken belief was based on the trial court's order of dismissal, which he believed dismissed him from the lawsuit for all purposes.

■ Although AMSAV and Seib contend in their motion for rehearing that there was an evidentiary hearing on the motion for new trial, we do not find any indication of such a hearing in the record. We find no statement of facts, no order setting an evidentiary hearing on the motion for new trial, no docket entry indicating that there was an evidentiary hearing on the motion for new trial, and the order overruling the motion for new trial does not indicate that the court heard testimony on the motion for new trial. Therefore, Joiner's pleading constituted the only evidence before the trial court. It is sufficient that the movant's motion and affidavits (in this case sworn pleadings) set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987). Where the factual allegations and affidavits submitted in support of a motion for new trial are not controverted, the conscious indifference

question must be determined in the same manner as the claim of a meritorious defense, that is, it is sufficient that the movant's motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984). The facts alleged in Joiner's motion were not controverted by affidavits or sworn pleadings. The only attachment to the response to the first amended motion for new trial was a letter from a Florida lawyer to the attorneys for AMSAV and Seib.[1] The contents of the letter demonstrate the confusion and express the mistaken belief on the part of Joiner's attorney that Joiner was not a party to the lawsuit.

■ Joiner clearly sets forth facts in his sworn motion that establish a meritorious defense, and he also complies with the requirement of showing that a new trial would not cause delay or prejudice to Seib and AMSAV and offers to reimburse them for their cost in taking the default. The remaining question concerns Joiner's failure to answer.

The decisions are not harmonious concerning the type of mistake which is sufficient to show that the failure to answer was not intentional or due to conscious indifference. In the case of *Dupnik v. Aransas County Navigation District No. 1*, 732 S.W.2d 780, 782 (Tex.App.—Corpus Christi 1987, no writ), the court held that a conscious decision not to file an answer based upon a mistaken belief that being in bankruptcy alleviated the need for filing an answer was not the type of mistake which negates conscious indifference. In the case of *Carey Crutcher v. Mid–Coast Diesel Services*, 725 S.W.2d 500 (Tex.App.–Cor-

---

1. Re: *American Savings and Loan Association of Brazoria County v. Amsav Group, Inc. and Richard P. Seib, individually and James D. Joiner, individually—Case No. 87–R–1108—149th Judicial Circuit of Texas*
Dear Mr. Gilbert:
I am in receipt of a copy of the Cross–Action that your clients have filed against my client, James D. Joiner, in the above-referenced litigation. Please be advised that Mr. Joiner has never been a party to this particular litigation and that, therefore, your Cross–Action is a nullity. Please also be advised that Mr. Joiner is no

longer a party to Case No. 87R1151, *American Savings and Loan Association of Brazoria County v. Amsav Group, Inc., Richard Seib, individually and James D. Joiner, individually*. Therefore, he is not susceptible to being named as a Cross–Defendant in that litigation.
By copy of this letter to the Clerk of the Court, I am so informing the Court of our position in this matter.
Yours truly,
MICHAEL H. DAVIDSON, ESQ.
For the Firm

pus Christi 1987, no writ), the court held that an attorney's failure to file an answer because he mistakenly believed that the action was stayed by bankruptcy proceeding was not the type of mistake that negated conscious indifference. The weight of authority, however, is contrary to these holdings.

In the following cases the courts have held that the mistaken belief was sufficient to show that the failure to answer was not intentional or due to conscious indifference: *Dowell v. Winters*, 20 Tex. 793 (1858) (a mistaken reliance on the prayer for an injunction in another cause to be a sufficient answer);[2] *Texas State Board of Pharmacy v. Martinez*, 658 S.W.2d 277 (Tex.App.–Corpus Christi 1983, writ ref'd n.r.e.) (a mistaken belief that jurisdiction was proper only in another county and that an action taken in suit in another county relieved the party of his duty to answer); *Nava v. Nationwide Financial Corporation*, 601 S.W. 2d 478 (Tex.Civ.App.–San Antonio 1980, writ ref'd n.r.e.) and *Hughes v. Jones*, 543 S.W.2d 885 (Tex.Civ.App.–El Paso 1976, no writ) (misunderstandings between attorneys); *Spears v. Brown*, 567 S.W.2d 544 (Tex.Civ.App.–Texarkana 1978, writ ref'd n.r.e.) (a mistaken belief that the attorneys representing one entity were also representing the defendant); *Baen–Bec, Inc. v. Tenhoopen*, 548 S.W.2d 799 (Tex.Civ.App.–Eastland 1977, no writ) (a mistaken belief that no answer was required); *Texas Iron & Metal Co. v. Utility Supply Co.*, 493 S.W.2d 545 (Tex.Civ.App.–Houston [1st Dist.] 1973, writ ref'd n.r.e.) (an agent's misunderstanding of the deadline for answering along with labor shortages that prevented him consulting with an attorney).

In the present case, the basis set forth for the failure to file an answer shows that it was due to a mistake and was not intentional or due to conscious indifference. Thus amended, verified motion for a new trial is sufficient to fulfill the three requirements set forth in *Grissom v. Watson, supra,* and *Craddock v. Sunshine Bus Lines, supra,* and the failure to grant Joiner's amended motion for new trial was an abuse of discretion.

Because this ruling resolves the case, we do not address the other two points of error.[3] The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial.

BLEIL, J., dissented and filed an opinion.

BLEIL, Justice, dissenting.

The result reached by the majority of this Court seems fair enough. Because a primary goal of our courts is to obtain a just determination of the litigants' rights based on the merits of a case, it is natural that we abhor default judgments. But I cannot join today's majority in reaching what it considers to be a just result when that result is reached by doing violence to our system of justice under law.

The mental process used by the majority is transparent. Initially, it acknowledges the controlling authorities on the question of when a motion for new trial should be granted and when a default judgment should be set aside, viz, *Grissom v. Watson,* 704 S.W.2d 325 (Tex.1986), and *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App.1939, opinion adopted).

The majority then, while acknowledging that Joiner did not "detail his contention that his failure to answer was due to a mistake or accident," proceeds to review decisions which it says "are not harmoni-

---

**2.** In *Dowell v. Winters,* 20 Tex. 793 (1858), the court held that counsel had acted under a mistake of law, and while the excuse was certainly very slight, a new trial should be granted.

**3.** In what appears to be a matter of first impression, Joiner makes an argument concerning the meaning of the word "appearance" as used in Tex.R.Civ.P. 92. He contends that by making an appearance in the original cause, which is undisputed and is recited in the pleadings, he was automatically deemed to have pleaded a general denial of the cross-claim. He further contends that this fulfills the requirement under Tex.R.Civ.P. 239 that he file an answer to prevent a default. This involves a recently added provision of Rule 92, which became effective in 1985.

ous concerning the type of mistake which is sufficient to show that the failure to answer was not intentional or due to conscious indifference." (Majority opinion, p. 320). After establishing that cases based upon many different sets of facts have not been decided in precisely the same manner, the majority ostensibly establishes its right to *choose* a "proper" outcome, regardless of how the law—which remains settled—might apply to the present facts.

As noted by the majority, in order to prevail on a motion for new trial to set aside a default judgment, the defendant must first show that the failure to answer was not intentional or the result of conscious indifference, but rather was due to mistake or accident. *Grissom v. Watson, supra,* and *Craddock v. Sunshine Bus Lines, supra.*

When Joiner did come in after judgment and move for a new trial, he did not *allege* or *prove* any facts showing that his failure to answer was the result of an accident or mistake.[1] Of course, the trial court's judgment ordinarily is supported by implied findings in support of its judgment. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). This would include a finding, or a failure to find, that Joiner's failure to answer was not the result of an accident or mistake. The majority, without requiring Joiner to have alleged or proved the facts, apparently concludes that Joiner conclusively showed accident and mistake. Further, the majority displays a willingness to substitute its factual determination for those of the trial court, as it states, "We *find* that the motion for a new trial ... fulfill[s] the three requirements ... We

further *find* ... an abuse of discretion." (emphasis added).[2]

This appeal calls to mind the oft-cited case of *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). In that case the Alexanders sued Hagedorn claiming that he had wrongfully allowed his mule onto the highway at night, that the mule had stepped onto the road immediately in front of their vehicle, and that Mrs. Alexander was required to swerve into a ditch causing damages to the car and personal injuries.

Hagedorn was not only not a lawyer, he was not born " 'in this country,' " was seventy-five years old, and could not read or write the English language. So, when the deputy sheriff served citation upon him, Hagedorn asked about its meaning. The officer described the suit and said that Hagedorn had to appear at district court at Lockhart on September 1, 1947. When he appeared for court on that date, the district clerk informed him that the judge was not in Lockhart and that no court would be held that week. Since he had no attorney, Hagedorn left his name and address with the clerk and understood that the clerk would notify him when to return for court.

The next time Hagedorn heard about the legal proceedings was when the Alexanders garnished his bank account following judgment in the primary lawsuit. Then Hagedorn hired a lawyer and sought to set aside the default judgment. At that hearing, it developed that the mule did not belong to Hagedorn, he was not responsible for the animal, and as found by the trial court, Hagedorn " 'had a complete and absolute defense' " to the Alexanders' suit.

---

1. Today's majority finds Joiner's argument on appeal sufficient to supply facts never presented to the trial court. Joiner's attorney now argues that Joiner did not have an attorney at trial and was unaware that he was required to file an answer to the suit against him. Assuming the truth of this argument, a mistaken belief as to the necessity to file an answer does not negate conscious indifference. *Dupnik v. Aransas County Navigation District No. 1,* 732 S.W.2d 780, 782 (Tex.App.–Corpus Christi 1987, no writ); *Carey Crutcher v. Mid–Coast Diesel Services,* 725 S.W.2d 500 (Tex.App.–Corpus Christi 1987, no writ).

2. Normally a movant bears the burden of establishing facts that entitle him or her to a new trial. *Galveston Oil Co. v. Thompson,* 76 Tex. 235, 13 S.W. 60 (1890). And the motion for new trial is addressed to the trial court's sound discretion and the ruling on the motion is not disturbed on appeal absent movant's showing an abuse of discretion. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex.1976). Today's decision relieves Joiner of the requirement that he allege and show facts entitling him to a new trial and the requirement that he show an abuse of discretion. This relief comes in the form of the majority's *findings.*

*Id.* at 997. In reversing the trial court's judgment and the Court of Civil Appeal's decision, the court first announced that Hagedorn had to *allege* and *prove* that his failure to answer the suit was caused by fraud or wrongful act of the opposite party rather than by his own fault or negligence. The court then determined that Hagedorn's reliance upon his "understanding" of what the officials had told him was his own fault or his own negligence.

The court held against Hagedorn and announced that actions,

> seeking relief from judgments "are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted"; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done.

*Id.* at 998, *citing Harding v. W.L. Pearson & Co.*, 48 S.W.2d 964 (Tex.Comm'n App. 1932, judgm't adopted).

In this controversy, as was true in *Hagedorn*, the court is called upon to apply existing rules to the given facts, rather than to achieve what the men on this Court determine to be justice in this "particular case." The majority of the Court fails to answer this call.

I cannot join in the majority's decision.

DISSENTING OPINION ON MOTION FOR REHEARING

BLEIL, Justice.

After the Court's original opinion was issued, AMSAV and Seib filed their motion for rehearing. The majority modified its opinion to address and discount the arguments presented in the motion for rehearing.

I wish to comment only on one aspect of the motion for rehearing which the majority addresses, namely, the basis for Joiner's failure to answer. The Court concludes that "the basis set forth for the failure to file an answer shows that it was due to a mistake and was not intentional or due to conscious indifference." (Majority opinion, p. 321). It appears logically inexplicable that the majority arrives at this conclusion when, as it acknowledges in footnote 1, Joiner's failure to appear and answer the cross-action filed against him was unequivocally due to one reason: *he intentionally did not answer based on his lawyer's advice.*