**REVERSE and REMAND; Opinion Filed April 18, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-22-00310-CV

**JOHN PANAKKAL JOY, Appellant**
**V.**
**US LLOYDS INSURANCE COMPANY AS SUBROGEE OF FRED
SANCHEZ AND USAA CASUALTY INSURANCE COMPANY, Appellees**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-00954-2021**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Smith

John Panakkal Joy appeals from a post-answer default judgment. He asserts that the trial court erred in granting the default judgment and denying his motion for new trial because he did not receive notice of the trial setting and default judgment hearing. Alternatively, Joy contends the trial court erred in denying his motion for new trial because the uncontroverted evidence in support of the motion established the three elements identified in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939). Because Joy established the *Craddock* elements, we reverse the trial court's default judgment and remand for further proceedings.

## Background

This lawsuit arises out of a three-car automobile accident involving vehicles owned by Joy, Fred Sanchez, and Susann Bounds. Appellee US Lloyds Insurance Company insured Sanchez, and appellee USAA Casualty Insurance Company insured Bounds. US Lloyds, as subrogee of Sanchez, initiated this cause against Joy. USAA, as subrogee of Bounds, sued Joy and Sanchez in justice of the peace court. On appellees' motion, the trial court consolidated the causes, and the consolidated cause was set for trial on January 3, 2022.

On December 17, 2021, the parties filed an agreed motion to continue the trial setting. Beginning December 22, Joy's counsel took scheduled vacation time, which ended on January 5. Also on December 22, the trial court's administrator notified the parties by email that the court would consider the agreed motion on January 3, the morning of trial. On December 27, the trial court's administrator emailed the parties that the trial court had moved the trial setting from January 3 to January 4.

Neither Joy nor his counsel appeared for the January 4 trial setting, and counsel for US Lloyds verbally moved for default judgment. USAA joined in the motion. After hearing evidence, the trial court granted the motions and, on January 6, signed a default judgment against Joy.[1]

---

[1] There was no discussion of the agreed motion to continue during the proceeding, and a January stamp on the parties' proposed order granting the agreed motion to continue indicated that the trial court took no action on the motion.

Joy timely filed a verified motion to set aside the default judgment or, alternatively, a motion for new trial. Neither US Lloyds nor USAA filed a response to the motion. Following a February 25 hearing, the trial court denied the motion. This appeal followed.

## Standard of Review

We review denials of motions to set aside default judgments and motions for new trial for an abuse of discretion. *E.g.*, *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam); *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). A trial court abuses its discretion if it fails to grant a new trial when a defaulting defendant proves each element of the *Craddock* test. *Dolgencorp*, 288 S.W.3d at 926; *Chloe's Concepts, LLC v. Clear Rainbow, Inc.*, No. 05-20-00484-CV, 2021 WL 5998006, at *2 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.). Under that test, the defendant must establish that: (1) his failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) he has a meritorious defense; and (3) granting a new trial will occasion no delay or otherwise injure the plaintiff who obtained the default judgment.[2] *Craddock*, 133 S.W.2d at

---

[2] The test is modified in the event the defendant establishes that his failure to appear was not intentional or the result of conscious indifference because he did not receive notice of the trial setting. *See Mabon Ltd. v. Afri-Carib Enter., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam). In that case, due process requires a new trial without a showing of the second and third *Craddock* elements. *Mabon*, 369 S.W.3d at 813. Based on our disposition of this appeal, however, it is not necessary that we consider the modified test.

126; *Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (per curiam) (applying *Craddock* test to post-answer default judgments).

## Analysis

In his second issue, Joy asserts that the trial court abused its discretion in denying his motion for new trial because uncontroverted evidence in support of the motion established each *Craddock* element. We agree and address the elements in turn.

### *Failure to Appear*

A defendant satisfies its burden under the first *Craddock* element when his factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the plaintiff does not controvert the factual assertions. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam) (citing *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012)). "A failure to appear is not intentional or due to conscious indifference . . . merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam).

We consider the defendant's knowledge and acts to determine whether he satisfied his burden under the first *Craddock* element. *Milestone Operating*, 388 S.W.3d at 309–10. We also apply the first element of the *Craddock* test liberally.

–4–

*Posada v. Perkins*, No. 05-20-00535-CV, 2022 WL 99998, at *3 (Tex. App.—Dallas Jan. 11, 2022, no pet.) (mem. op.).

A party may supply evidence in support of a motion for new trial by filing a verified motion, *see Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *In re D.R.P.*, No. 04-14-00191-CV, 2014 WL 3843989, at *4 (Tex. App.—San Antonio Aug. 6, 2014, no pet.) (mem. op.); *Joiner v. AMSAV Group, Inc.*, 760 S.W.2d 318, 320–21 (Tex. App.—Texarkana 1988, writ denied), and Joy's motion for new trial was verified by his counsel. We also consider statements by Joy's counsel during the hearing on the motion as evidence on the *Craddock* elements. *See Mathis*, 166 S.W.3d at 745 (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam) (attorney's unsworn statements tendered as evidence at hearing were sufficient absent objection)).

The record shows that the trial court entered a scheduling order in July 2021, setting a pretrial conference on December 2 and trial on January 3. At the pretrial conference, appellees appeared and announced ready for trial. Neither Joy nor his counsel appeared at the pretrial conference or filed the necessary pretrial documents. According to Joy's counsel, she was retained after the trial court entered the scheduling order and, thereafter, failed to obtain a copy of the order. She did not attend the pretrial conference because she did not know about it.

Joy's counsel, however, was aware of the January 3 trial setting. And, on December 17, she joined appellees in filing the agreed motion to continue the trial.

–5–

The parties sought the continuance because it was the first trial setting, the parties had not completed necessary depositions, and they wished to mediate the cause.

Relying on the agreed motion, Joy's counsel began a planned leave from work on December 22. She did not file a vacation letter with the trial court. Nor did she check her work emails while she was on leave. An autoreply notified anyone sending her an email that she would be out of the office until January 5 and, if immediate assistance was needed, to contact either a colleague or her secretary. Counsel, however, had designated a different service email in the Collin County case management system. There was no evidence regarding whether counsel was monitoring the designated service email or if it also had an autoreply. In any event, counsel did not check her email until the afternoon of January 4 and, therefore, did not see either the December 22 email that the court would consider the agreed motion to continue on the morning of trial or the December 27 email that the trial court had moved the trial setting from January 3 to January 4.[3]

According to the verified motion for new trial, counsel and Joy would have appeared for trial on January 4 but for counsel's "mistaken belief and reliance on her internal work calendar, planned time off and the agreed motion to continue that was filed on December 17, 2021." Counsel mistakenly believed the trial court would

---

[3] Joy's counsel, both in the verified motion for new trial and at the hearing on the motion, stated that she did not receive the email notice that the trial setting had been changed to January 4. The record indicates, however, that the notice was sent to her designated service email in the Collin County case management system.

continue the trial setting given that the parties agreed to a continuance, no depositions had been taken, and the parties desired to mediate the case. Her and Joy's failure to appear was not intentional or the result of conscious indifference, but an embarrassing mistake by Joy's counsel for which Joy should not be punished. Counsel apologized to the trial court.

Appellees argue that counsel's decision to stop checking her email before confirming that the trial court would grant a continuance constituted conscious indifference to the trial setting. And, as the trial court noted at the hearing on the motion for new trial, it was "completely on" Joy's counsel to update her email address and file a vacation letter. Under the circumstances, the trial court very well may have considered counsel's actions negligent. Negligence in failing to appear, however, does not establish intentional disregard or conscious indifference. *See Take 5 LLC v. Smith*, No. 05-22-00390-CV, 2023 WL 1229028, at *5 (Tex. App.—Dallas Jan. 31, 2023, no pet.) (mem. op.); *Titan Indem. Co. v. Old S. Ins. Grp., Inc.*, 221 S.W.3d 703, 708 (Tex. App.—San Antonio 2006, no. pet.). Indeed, a defendant's justification for his failure to appear need not necessarily be a good one. *See Sutherland*, 376 S.W.3d at 755. A mistaken belief can negate intentional or consciously indifferent conduct. *See Perry v. Benbrooke Ridge Partners L.P.*, No. 05-16-01486-CV, 2018 WL 2138957, at *3 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.).

The facts set out in Joy's verified motion for new trial and as explained by his counsel during the hearing on the motion establish that counsel mistakenly assumed the motion for continuance would be granted. We conclude that these facts demonstrate that the failure to appear for the January 4 trial setting was not intentional or the result of conscious indifference. *See, e.g.*, *Smith*, 913 S.W.2d at 468 (defendant's attorney's failure to appear did not amount to conscious indifference when he credibly explained that he was in trial in another county and believed the court would grant a continuance for that reason); *One Hundred Seventy-One Thousand One Hundred & 00/100 ($171,100.00) in U.S. Currency v. State*, No. 04-18-00123-CV, 2019 WL 3229188, at *3 (Tex. App.—San Antonio Apr. 17, 2019, no pet.) (mem. op.) (although defendant's attorney mistakenly assumed fourth motion for continuance would be granted, failure to appear did not rise to level of conscious indifference); *Intras, LLC v. Core 3 Techs., LLC*, No. 05-17-00832-CV, 2018 WL 3387269, at *2 (Tex. App.—Dallas July 12, 2018, no pet.) (mem. op.) (attorney's mistaken belief that settlement discussions would continue and plaintiff would not take any action in lawsuit was, at worst, mere negligence and did not show intent or conscious indifference in defendant's failure to answer).

Appellees did not file a response to Joy's motion for new trial. At the hearing on the motion, counsel for US Lloyds made comments regarding the likelihood that the motion to continue the trial setting would not be granted based on the court administrator's emails and his assumption that Joy's counsel was "on" the emails.

USAA's counsel opposed the motion for new trial and stated that Joy's counsel's service email address was on the administrator's emails. Appellees did not controvert that Joy's counsel mistakenly believed the agreed motion to continue would be granted and took her planned leave relying on that belief, and the trial court could not disregard those facts. *Fidelity & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (per curiam); *see also Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994) (plaintiff did not controvert defendant's assertion that she was mistaken about trial date, and court must take it as true). Accordingly, we conclude that Joy established the first *Craddock* element with facts showing that his and his counsel's failure to appear for trial was the result of mistake and not intentional or the result of conscious indifference.

*Meritorious Defense*

A defendant satisfies the second *Craddock* element if his motion for new trial "alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Dolgencorp*, 288 S.W.3d at 928. Unlike the first *Craddock* element, a plaintiff cannot controvert a meritorious defense. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

Joy's motion for new trial asserts, among other things, that Sanchez's negligence, and not Joy's, caused the automobile accident and the accident was an unavoidable accident or resulted from sudden emergency. Joy's counsel verified the

–9–

motion. And, to further support the facts set out in the motion, Joy attached the Texas Peace Officer's Crash Report for the accident. The crash report reflects that Joy and Sanchez reported conflicting versions of the facts of the accident. Joy reported that his vehicle was stationary behind Bounds's vehicle at a stop light when Sanchez's vehicle struck Joy's back right bumper, pushing Joy's vehicle into Bounds's vehicle. Sanchez reported that Joy changed into Sanchez's lane, causing Sanchez to hit Joy's vehicle and push it into Bounds's vehicle. Based on the positioning of the vehicles, it appeared to the accident investigator that Joy had not changed lanes, but had been, and remained, in the lane behind Bounds's vehicle.

Appellees never argued to the trial court that Joy's motion failed to properly assert and support a meritorious defense or object that the crash report was not competent evidence. Accordingly, Joy presented a prima facie case that he had meritorious defenses related to lack of negligence, lack of causation, and sudden emergency, which we conclude was sufficient to establish the second *Craddock* element. *See, e.g.*, *Goskie v. Benningfield*, No. 11-02-00107-CV, 2003 WL 188556, at \*2 (Tex. App.—Eastland Jan. 16, 2003, no pet.) (mem. op.); *Hidalgo Cnty. Emergency Serv. Found. v. Mejia*, No. 13-16-00576-CV, 2018 WL 2731881, at \*5 (Tex. App.—Corpus Christi-Edinburg June 7, 2018, pet. denied) (mem. op.).

### *Undue Delay and Injury to Plaintiff*

The third *Craddock* element examines whether a new trial would cause undue delay or injury to the plaintiff. *Dolgencorp*, 288 S.W.3d at 929. "The willingness

of a party to go to trial immediately and pay the expenses of the default judgment are important factors for the court to look to in determining whether it should grant a new trial." *Evans*, 889 S.W.2d at 270 n.3. These factors, however, are not dispositive of whether the motion should be granted. *Id*.

In his verified motion for new trial, Joy asserted that vacating the default judgment and rescheduling trial on the first available docket would not cause delay or otherwise injure appellees. Specifically, Joy noted that less than eight months had passed since the trial court had consolidated the cause and, in connection with the agreed motion to continue, appellees had indicated they needed additional time to prepare their case. Joy's counsel offered to reimburse appellees for the reasonable expenses they incurred in obtaining the default judgment. Because Joy contended that granting a new trial would not injure appellees, the burden of proof shifted to appellees to prove injury. *See Dolgencorp*, 288 S.W.3d at 929. Appellees, however, did not respond to Joy's motion or submit any proof of injury at the hearing on the motion. Accordingly, we conclude that Joy has satisfied the third *Craddock* element. *See, e.g.*, *Hunter v. Ramirez*, 637 S.W.3d 858, 864 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Norton v. Martinez*, 935 S.W.2d 898, 903 (Tex. App.—San Antonio 1996, no pet.) (defendant met third *Craddock* factor when plaintiff did not respond to motion or offer evidence to rebut showing of no undue delay or injury).

## Conclusion

In sum, the uncontroverted factual allegations in Joy's verified motion for new trial and his counsel's statements at the hearing on the motion satisfied each *Craddock* element. In denying the motion, the trial court abused its discretion. *See Dolgencorp*, 288 S.W.3d at 926. Accordingly, we sustain Joy's second issue and, in light of this disposition, need not consider Joy's first issue. *See* TEX. R. APP. 47.1. We reverse the trial court's default judgment and remand the case for further proceedings.

/Craig Smith/
CRAIG SMITH
220310F.P05                                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN PANAKKAL JOY, Appellant

No. 05-22-00310-CV      V.

US LLOYDS INSURANCE
COMPANY AS SUBROGEE OF
FRED SANCHEZ AND USAA
CASUALTY INSURANCE
COMPANY, Appellees

On Appeal from the County Court at
Law No. 6, Collin County, Texas
Trial Court Cause No. 006-00954-
2021.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party shall bear its own costs of this appeal. The obligations of The Ohio Casualty Insurance Company as surety on appellant's supersedeas bond are **DISCHARGED**.

Judgment entered this 18th day of April 2023.